**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAMONT GARNER KARRIEM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CELLCO PARTNERSHIP INC., dba Verizon Wireless,<br><br>　　　　Defendants. | Case No. 2:20-cv-00884-JAD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Lamont Garner Karriem's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Karriem's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice, with leave to amend.

## DISCUSSION

Karriem's filings present two questions: (1) whether Karriem may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Karriem's complaint states a plausible claim for relief.

**I.   Whether Karriem May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages and no assets. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

//

**II.     Whether Karriem's Complaint States a Plausible Claim**

   **a. Legal Standard**

Because the Court grants Karriem's application to proceed *in forma pauperis*, it must review Karriem's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   **b. Plaintiff's Complaint**

Karriem brings claims for invasion of privacy, defamation, gross negligence, intentional infliction of emotional distress, abuse of process, and breach of fiduciary duty against Verizon Wireless because it allegedly cooperated with law enforcement prior to his October 2018 arrest. (ECF No. 1-1 at

2

2). It appears the plaintiff is not currently incarcerated, but it is unclear if the plaintiff still has criminal charges pending against him or if his prior charges are subject to appeal.

The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

The plaintiff cannot bring claims against Verizon for cooperating with law enforcement prior to his arrest if the state proceeding is pending. Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. The Court dismisses this action without prejudice: the plaintiff may file an amended complaint that addresses these issues. The Court also notes that plaintiff brough another action in this Court against three other corporate defendants that he alleges cooperated with law enforcement prior to the same 2018 arrest. See *Karriem v. Extended Stay America Inc et al., 2:20-cv-00942-RFB-VCF*. The plaintiff may add Extended Stay America, Inc., ESH Hospitality, Inc, Elix Nunez defendants in his amended complaint in this case, if he wants to, because the facts and circumstances are the same.

//

ACCORDINGLY,

IT IS ORDERED that Karriem's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Karriem's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Karriem has until Wednesday, July 29, 2020 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 29th day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE