# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

LAMONT GARNER KARRIEM,

    Plaintiff,

vs.

CELLCO PARTNERSHIP INC., dba Verizon Wireless, *et al.*,

    Defendants.

Lead Case No. 2:20-cv-00884-JAD-VCF

Member Case Nos. 2:20-cv00942-JAD-VCF and 2:20-cv-01915-JAD-VCF

**ORDER**

The Court previously granted pro se plaintiff Lamont Garner Karriem's application to proceed in forma pauperis ("IFP") and dismissed his complaint without prejudice. The Court later consolidated three of plaintiff's cases after determining that these cases arise out of Karriem's 2018 arrest[1]: Case Nos. 2:20-cv-00884-JAD-VCF ("Case 1"), 2:20-cv-00942-JAD-VCF ("Case 2"), and 2:20-cv-01915-JAD-VCF

---

[1] The Court also notes that Karriem has previously brought similar claims against different defendants regarding the same 2018 arrest in the United States District Court Central District of California in three different cases. See *Karriem v. County of Los Angeles*, Case No. 2:20-cv-07734-GW-JDE (C.D. Cal.) ("California Case 1"); *Karriem v. County of Los Angeles*, Case No. 2:20-cv-05909-GW-JDE (C.D. Cal.) ("California Case 2"); *Karriem v. County of Los Angeles*, Case No. 2:20-cv-10071-GW-JDE (C.D. Cal.) ("California Case 3") As plaintiff did here, he filed three cases that pertained to the same 2018 arrest and the court consolidated two of the cases. See California Case 1. The Court dismissed all plaintiff's federal claims with prejudice against the California based defendants in the consolidated case and dismissed his state court claims without prejudice to refile in state court. *Id.* at ECF No. 10. In California Case 3 regarding his 2018 arrest, rather than consolidating, the court denied his IFP application outright and dismissed his case. See California Case 3 at ECF No. 4 at 13. In California Case 1, the court noted that plaintiff had at least one other case pending (referencing Case 3 in this Court) that pertains to the same 2018 arrest but against different defendants. See California Case 1 at ECF No. 7.

("Case 3") are consolidated with Case 1 serving as the lead case. (ECF No. 15 at 2). Prior to consolidation, the Court screened Karriem's three complaints, Karriem filed an amended complaint in this lead case (Case 1 at ECF No. 11) and he filed amended complaints in the other, now closed, cases (Case 2 at ECF No. 10) and (Case 3 at ECF No. 6). In Case 3, prior to consolidation, Judge Youchah recommended that plaintiff's amended complaint be dismissed without prejudice with leave to amend his complaint in 30 pages or less because his 85-page complaint violated Federal Rule of Civil Procedure 8. (Case 3 at ECF No. 3 at 1). Now that the cases are consolidated, Judge Dorsey rejected Judge Youchah's report and recommendation, referred all three amended complaints for screening, and noted that the Court may place reasonable limits in the screening order, which could include allowing Karriem to amend and include only the surviving claims in a single, page-limited complaint. (ECF No. 16 at 2).

In this Order, the Court dismisses plaintiff's amended complaints in Cases 1, 2, and 3 without prejudice with leave to amend. If plaintiff amends, he must file a single amended complaint that does not exceed 35-pages.

I. **Whether Karriem's Amended Complaints State a Plausible Claim**

    a. **Legal Standard**

The Court reviews whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the

2

plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general basis for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004).

**b. Deficiencies common to plaintiff's amended complaints in Cases 1, 2, and 3**

Karriem brings claims in his amended complaint in Case 1 for invasion of privacy, defamation, gross negligence, intentional infliction of emotional distress, abuse of process, breach of fiduciary duty, and violation of the Fourth Amendment and the Electronic Communications Privacy Act of 1986 against Verizon Wireless because it allegedly cooperated with law enforcement prior to his October 2018 arrest. (ECF No. 11 at 2). Karriem brings claims against Verizon pursuant to 42 USC Section 1985. (*Id*. at 3). Plaintiff alleges that in 2018, that Verizon shared his personal data with law enforcement without a warrant which led to his arrest. (*Id.* at 2).

In Case 2, plaintiff brings claims for invasion of privacy, false imprisonment, assault and battery, intentional infliction of emotional distress, conspiracy to interfere with civil rights pursuant to 42 U.S.C Section 1983, breach of contract, and conversion against Extended Stay America, Inc., ESH Hospitality, Inc., and Elix Nunez (the property manager) for cooperating with law enforcement when the police arrested plaintiff while staying at Extended Stay in Las Vegas. (Case 2 at ECF No. 10 at 3). In Case 3, plaintiff brings claims for violations of (1) 42 U.S.C. Sections 1983 and 1985, (2) 18 U.S.C. Sections 241, 242, 249, 1201, 2236 and 2340, (3) the Electronic Communications Privacy Act (E.C.P.A.) of 1986 (per 18 U.S.C. § 2520) and for (4) intentional infliction of emotional distress, (5) invasion of privacy, (6) defamation, (7) assault, (8) battery, (9) false imprisonment, (10) denial of equal protection, (11) loss of parental consortium, and(12) constitutional supervisor liability against Clark County, the City of Las Vegas, the Las Vegas Metropolitan Police Dept., Judge Suzan Baucum, Judge Eric Goodman, Sheriff Joseph Lombardo, Undersheriff Kevin C McMahill, Assistant Sheriff Christopher Darcy, Assistant Sheriff Christopher C Jones, Captain Kelly McMahill, Detective Justin Zinger, Detective Brian Iulo, Detective Jake Freeman, Officer Michael Evans, and Chief Michele Freeman[2] related to his allegedly unlawful arrest. (Case 3 at ECF No. 6).

### a. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of" the claims asserted. Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

Plaintiff's complaints are generally rambling, unorganized, repetitive, and difficult to follow. In

---

[2] Plaintiff brings claims against all the individual named defendants in their personal capacity.

Case 1, plaintiff brings eight claims against a single defendant in a 16-page complaint; in Case 2, he brings eight claims against three defendants in a 22-page complaint; and in Case 3, plaintiff brings 19 claims against 15 defendants in an 82-page complaint. Plaintiff's claims for relief fail to tie specific facts to specific defendants in a simple, concise or direct manner that would reasonably allow each defendant to understand the link between alleged conduct and alleged deprivation of rights. Plaintiff's claims are so long that they appear to be at least partially duplicative, especially now that these three cases are consolidated, making it "excessively difficult for individual defendants to formulate proper defenses and [would] subject the [defendants] to unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Complaints that are argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are subject to dismissal under Rule 8); see also *Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1156-57 (N.D. Cal. 2013) (granting defendants' motion to dismiss for failure to comply with Rule 8 and the court's orders to correct deficiencies in earlier pleadings after a pro se litigant filed a third amended complaint that was incomprehensible, failed to identify the specific basis of liability for each defendant, and failed to identify the factual basis for some of her claims).

Plaintiff's complaints contain legal conclusions and argumentative assertions. Plaintiff identifies multiple claims against multiple defendants, but he refers to "new claims" within the narrative of the complaints. For example, in Case 1, plaintiff identified six claims in the case caption, but lists new claims in the narrative, such as the alleged violations of the Fourth Amendment and the Electronic Communications Privacy Act of 1986. Plaintiff's amended complaints in Cases 1, 2, and 3, fail to meet the requirements of Rule 8 and now that the cases are consolidated, if plaintiff decides to file an amended complaint, he must formulate a concise version of his complaint, limited to no more than 35-pages, that is

not duplicative and identifies a factual basis for his claims. Plaintiff must also identify which claims he brings and identify which defendants he brings the claims against.

### b. The Fourth Amendment, 42 U.S.C.S. Section 1983, and his related federal claims

#### i. Legal Standard for plaintiff's federal claims

The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures: Security of one's privacy against arbitrary intrusion by police is at core of Fourth Amendment and basic to free society. See *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684 (1961). The "basic purpose of this Amendment" "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 138 S. Ct. 2206 (2018)(quoting *Camara v. Mun. Ct. of City & Cty. of S.F.*, 387 U.S. 523, 528 (1967)). "[A] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). The Fourth Amendment also protects "certain expectations of privacy." *Carpenter*, 138 S. Ct. at 2213. "When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause." *Id.* (citation omitted). The Equal Protection Clause of the Fourteenth Amendment mandates that state and local governments treat all similarly situated persons alike and broadly restricts invidious discrimination of individuals based on characteristics such as race or gender.

Per 42 U.S.C.S. Section 1983, a plaintiff may bring a cause of action against a person who, acting under the color of state law, deprives one of their constitutional rights. The section "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental

6

officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, the plaintiff must allege "(1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quotation omitted). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was able to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). "[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" *Bedford v. City of Hayward*, 2012 WL 4901434, at 12 (N.D. Cal. Oct. 15, 2012) (citation omitted); see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial

capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. See *Imber v. Pachtman*, 424 U.S. 409, 435 (1976). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*; *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). 42 U.S.C.S. § 1985 creates a civil action for damages caused by two or more persons who conspire for the purpose of depriving the injured person of certain constitutional rights. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1160 (9th Cir. 2005). "The absence of a 42 U.S.C.S. § 1983 deprivation of rights precludes a 42 U.S.C.S. § 1985 conspiracy claim predicated on the same allegations." *Id.* Title 18 U.S.C.S. Sections 241, 242, 249, 1201, 2236, and 2340 are criminal statutes and provide no basis for civil liability. See generally *Sinchak v. Parente*, 262 F. Supp. 79, 1966 U.S. Dist. LEXIS 7487 (W.D. Pa. 1966); *United States v. Cooney*, 217 F. Supp. 417, 1963 U.S. Dist. LEXIS 7590 (D. Colo. 1963).

The ECPA includes a private right of action, 18 U.S.C. Section 2520, and prohibits the intentional interception of any wire, oral, or electronic communication as well as the disclosure of the contents of any intercepted communication. 18 U.S.C. Section 2511; *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020). An "intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Although Section 2511 does not explicitly require that the acquisition of a communication occur contemporaneously with the transmission of the communication, courts interpreting the language of Section 2510 have held the definition of intercept as "acquisition contemporaneous with transmission." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir.

8

2002); see also *Luis v. Zang*, 833 F.3d 619, 627 (6th Cir. 2016). "A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C.S. § 2520(e).

### ii. Analysis of plaintiff's federal claims

Plaintiff has not stated a plausible Section 1983 claim against defendants Verizon, Extended Stay America, ESH Hospitality, and Elix Nunez because none of these parties are state actors. Plaintiff has also not stated a plausible Fourth Amendment violation against any of these defendants. The Fourth Amendment protects from unreasonable search and seizure of property by the government: these defendants are private companies and an individual. Plaintiff has not plausibly alleged that the defendants' purported sharing of his personal data with the police or cooperating with the constituted a state action.

Plaintiff's allegations concerning the Clark County, the City of Las Vegas, the LVMPD's policies, practices, customs, and lack of training in Case 3 are merely "formulaic recitations of the existence of unlawful policies, conducts, or habits" and "of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plaintiff refers to generic, vague assertions of policies, practices, customs, and procedures, but provides no factual allegations to show the alleged policies or customs exist, or facts demonstrating the policies or customs caused the alleged violations of his constitutional rights. For example, plaintiff appears to suggest that the County and Las Vegas have identical policies, practices, customs, and procedures. (See Case 3 at ECF No. 6 at 8.) Plaintiff has failed to state a claim against these defendants.

Plaintiff's complaint in Case 3 also fails to state a claim upon which relief can be granted regarding the actions of Judges Suzan Baucum and Eric Goodman. Plaintiff alleges that he appeared in Judge Goodman's courtroom and Judge Goodman unlawfully detained him without authority. (*Id.* at 26).

Judge Goodman's decision to detain plaintiff is part of the judicial process and Judge Goodman is absolutely immune from liability. Plaintiff also alleges that Judge Baucum is responsible for Judge Goodman's actions because she is the chief judge but she is also immune from liability because her dutues as chief judge are part of the judicial process.

Judge Baucum also cannot be held liable based on supervisory liability. Plaintiff seeks to hold several of the defendants liable for "supervisory liability", not just Judge Baucum. For example, plaintiff names multiple people[3] and defendants, such as Sheriff Joseph Lombardo, Undersheriff Kevin C McMahill, Assistant Sheriff Christopher Darcy, Assistant Sheriff Christopher C Jones, Captain Kelly McMahill, and Chief Michele Freeman. None of these defendants can be held liable for the allegedly unconstitutional conduct of their subordinates under a theory of respondeat superior." See *Iqbal,* 556 U.S. at 676. Plaintiff has not asserted any allegations against these defendants explaining how they purportedly violated his rights; he also does not describe any specific actions taken by these defendants. Plaintiff has not stated any plausible claims against any of these "supervisory" defendants.

Regarding the remaining defendants Detective Justin Zinger, Detective Brian Iulo, Detective Jake Freeman, Officer Michael Evans, plaintiff has not asserted any specific factual allegations to support his third claim for relief, relying instead on "labels and conclusions" that are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which is insufficient to state a civil rights claim. *Iqbal*, 556 U.S. at 678. For example, plaintiff does not identify any specific actions taken by Detective Zinger that caused a violation of his Fourteenth Amendment rights except that Zinger received information from other detective(s). Also plaintiff's claim for "loss of parental consortium" pursuant to Section 1983 is unclear and even reading plaintiff's complaint liberally, the Court is unable to determine what plaintiff is

---

[3] Plaintiff names a list of people that are "supervisors" but many of them are not named defendants. (See Case 3 at ECF No. 6 at 77).

10

referencing. Plaintiff's conclusory assertion that Zinger, "facilitated his unlawful arrest" is a conclusory assertion unsupported by factual underpinnings and fails to state a claim under Rule 8, Rule 12, and the applicable Supreme Court and Ninth Circuit authorities. See *Iqbal*, 556 U.S. at 678; see also *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982)(vague and conclusory allegations are insufficient to state a claim). Plaintiff's claims are also contradicted by his other complaints in California regarding this same incident: he claims the individual officers subjected him to an "unlawful arrest" but in California Case 1, the court found that plaintiff admitted that he was arrested pursuant to an arrest warrant. See California Case 1 at ECF No. 7 at 2). The Court can, and does, take judicial notice of plaintiff's pleadings and the court's findings in the California cases. See Fed. R. Evid. 201. Plaintiff's Section 1983 claims against the officers are subject to dismissal.

Regarding the ECPA, plaintiff does not identify what subsection he claims any of the defendants violated or claim any of the defendants acquired plaintiff's electronic communications information contemporaneously with its transmission. For example, plaintiff's claim against law enforcement is premised on the allegation, made "on information and belief," that Detective Zinger (with the help of other detective(s) not named as defendants) received electronic communications without judicial authorization. (Case 3 at ECF No. 6 at 52). Plaintiff also alleges that as a direct and proximate result of everything he stated in his complaint, the defendants have violated the ECPA. (*Id*. at 53). These conclusory assertions are unsupported by clear factual allegations or by any facts upon which Plaintiff's belief is based. See *Blantz v. Cal. Dep't of Corr. & Rehab*., 727 F.3d 917, 927 (9th Cir. 2013) (conclusory allegations based on "information and belief" are insufficient to state a claim for relief). Another issue that plaintiff does not address is the statute of limitations: plaintiff must bring an ECPA claim within two years after the date upon which the claimant first has a reasonable opportunity to discover the violation. Plaintiff alleges that all these incidents occurred before his 2018 arrest, so it

appears on the face of the complaints that he filed these lawsuits after the two-year period. Plaintiff has not plausibly stated a claim for violation of 18 U.S.C. § 2511. Plaintiff's claims pursuant to Titles 18 U.S.C.S. Sections 241, 242, 249, 1201, 2236, and 2340 must also be dismissed because these are all criminal statutes and provide no basis for civil liability.

### c. State Law Claims

Plaintiff has not stated a federal claim in any of the three cases. Diversity jurisdiction does not exist in the alternative since many of the defendants are citizens of the same state as the plaintiff (Nevada). Since the plaintiff must successfully state a federal claim to proceed with his case, the Court will not screen plaintiff's dozens of remaining state court claims at this time. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"). The Court dismisses all plaintiff's state law claims without prejudice.

Since plaintiff is pro se, it will give him an opportunity to amend his complaint. If plaintiff is able to state a plausible federal claim if he amends, the Court will review his state law claims (if he realleges them in his amended complaint) at that time. If the plaintiff decides to amend his complaint, he must file a single complaint that addresses all his claims against all the defendants in his three consolidated cases.

ACCORDINGLY,

IT IS ORDERED that Karriem's complaint in Case 1 at ECF No. 11 (2:20-cv-00884-JAD-VCF) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Karriem's complaint in Case 2 at ECF No. 10 (2:20-cv-00942-JAD-VCF) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Karriem's complaint in Case 3 at ECF No. 6 (2:20-cv-01915-JAD-VCF) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Karriem has until Thursday, August 12, 2021, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice. If plaintiff amends, he must file a single amended complaint that does not exceed 35-pages.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each

opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 15th day of July 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE