**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lamont Garner Karriem, | Lead Case No.<br>2:20-cv-00884-JAD-VCF |
| Plaintiff | |
| | Member Case Nos.<br>2:20-cv-0942-JAD-VCF and<br>2:20-cv-1915-JAD-VCF |
| v. | |
| Cellco Partnership Inc., et al., | **Order Sustaining in Part Objection to Magistrate Judge Order, Referring Oversized Amended Complaint for Screening, and Denying Motion to Appoint Counsel** |
| Defendants | |
| | [ECF Nos. 17, 19, 21] |

Pro se civil-rights plaintiff Lamont Garner Karriem sues numerous parties for an arrest that he theorizes was caused by many companies unlawfully divulging his information to law enforcement. Karriem initiated three lawsuits against the various defendants, all of which were consolidated into this case.[1] After consolidation, Magistrate Judge Fererenbach dismissed all of Karriem's individual complaints and ordered him to combine all of his claims into a single complaint no longer than 35 pages.[2] Karriem objects to that recommendation, arguing that it's impossible for him to distill his claims down,[3] and he filed a 61-page amended complaint.[4] Karriem also moves for court-appointed counsel to assist him in this action.

Having reviewed Karriem's amended complaint, I sustain his objection and overrule the portion of the magistrate judge's order limiting Karriem to a 35-page complaint. It appears that Karriem has made an effort to streamline his claims and allegations, and I accept his

---

[1] *See* ECF No. 15 (order consolidating cases).

[2] ECF No. 17.

[3] ECF No. 19 at 13.

[4] ECF No. 20.

representation that he cannot further slim it down without losing claims or intended defendants. So I refer Karriem's 61-page amended complaint [ECF No. 20] to the magistrate judge for screening under 28 U.S.C. § 1915.  And because this consolidated, amended complaint will move forward to screening, I overrule as moot Karriem's objection in (now-consolidated and closed) case 20-cv-1915-JAD-VCF to the magistrate judge's order that gave him just 30 pages for amendment of that individual complaint.

I next turn to Karriem's request for court-appointed counsel.  Like many pro se litigants who file civil-rights claims, Karriem asks the court to find and appoint a free lawyer.[5]  A litigant does not have a constitutional right to appointed counsel in civil-rights lawsuits like this one.[6] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[7]

I do not find exceptional circumstances here.  Despite his representation that he "lack[s] the requisite education and experience to explain the issues of this case to the Court," Karriem has demonstrated the ability to articulate his theories sufficiently for their consideration here.  I therefore deny the motion to appoint counsel.[8]

IT IS THEREFORE ORDERED that Karriem's Objection to Order of Dismissal **[ECF No. 19] is SUSTAINED as to the 35-page limit** and overruled in all other respects; the Court will accept his 61-page Amended Complaint [ECF No. 20] for screening purposes.[9]  **The**

---

[5] ECF No. 21.

[6] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[7] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[8] ECF No. 21.

[9] This is not a ruling on the merits or viability of any claim or theory.

**oversized amended complaint is REFERRED to the Magistrate Judge for screening under 28 U.S.C. § 1915**.  The similar objection in the now-consolidated case **2:20-cv-1915-JAD-VCF at ECF No. 4 is OVERRULED as moot**.  Karriem is advised that screening will take several months because of the court's heavy caseload and because of the size and complexity of his complaint.

IT IS FURTHER ORDERED that Karriem's Motion Requesting Appointment of Counsel **[ECF No. 21] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
December 9, 2021