# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Lamont Garner Karriem,

    Plaintiff

v.

Cellco Partnership Inc., et al.,

    Defendant

Case No.: 2:20-cv-00884-JAD-VCF

Member Case Nos.
2:20-cv-0942-JAD-VCF and
2:20-cv-1915-JAD-VCF

**Order Granting Motion for Reconsideration, Adopting Report and Recommendation, and Dismissing Consolidated Actions**

[ECF No. 27]

    Pro se plaintiff Lamont Garner Karriem sues numerous parties for an arrest that he theorizes was caused by many companies unlawfully divulging his information to law enforcement. Karriem initiated three civil-rights lawsuits against the various defendants, all of which were consolidated into this case.[1] After consolidation, all of Karriem's individual complaints were dismissed with leave to combine all claims into a single complaint.[2] Karriem did so in his second-amended complaint.[3] The magistrate judge screened that pleading (in this action's third screening order), found no viable federal claims, and recommended that this consolidated action be dismissed.[4] The deadline for Karriem to object to that recommendation was April 8, 2022. Because the court had not received any objection by that deadline, I adopted the magistrate judge's report and recommendation on April 11, 2022. However, Karriem's

---

[1] *See* ECF No. 15 (order consolidating cases).
[2] ECF No. 17.
[3] ECF No. 20.
[4] ECF No. 23.

objection—which was postmarked April 8, 2022—hit the docket later that same day.[5] In the interests of justice, I now evaluate that objection on its merits. So I vacate my previous order adopting the magistrate judge's report and recommendation[6] and review de novo the findings that Karriem challenges in his objection.[7] Having thoroughly reviewed Karriem's objection, I still find good cause to adopt the report and recommendation and do so.

## Discussion

**I.    Karriem fails to properly raise any federal claims[8] against the defendants.**

    **A.    Karriem's § 1983 claims against Judge Baucum and Judge Goodman fail because both defendants are protected by judicial immunity.**

Karriem alleges that Las Vegas Justice Court Judge Eric Goodman violated his constitutional rights by detaining and sentencing him without a warrant, without due process, and in violation of equal protection.[9] He also contends that Las Vegas Justice Court Judge Suzan Baucum is liable for Judge Goodman's conduct in her supervisory capacity as then-Chief Judge.[10] Karriem's claims fail because Judge Goodman and Judge Baucum are entitled to judicial immunity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to

---

[5] ECF No. 26.

[6] ECF No. 24.

[7] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[8] Karriem did not object to the magistrate judge's report and recommendation for dismissal of his 18 U.S.C. § 2511 (ECPA) claim. So I dismiss that claim and address only his 42 U.S.C. § 1983 claims in this section.

[9] ECF No. 20 at 31–37, 42–43, 46, 53–57.

[10] Karriem's claim against Judge Baucum would fail for the additional reason that there is no respondeat superior liability under § 1983. *See infra* Part I.B.

liability only when he has acted in the clear absence of all jurisdiction."[11]  In determining if an act was within such jurisdiction, "the relevant inquiry is the nature and function of the act, not the act itself."[12]  In other words, courts look to "whether [the act] is a function normally performed by the judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."[13]  Factors assisting in such determinations include where the act took place, whether the order arose from a pending case, and whether the order derived from a confrontation with a judge in his or her official capacity.[14]

Here, Judges Baucum and Goodman were clearly working within their judicial capacity when they issued orders and sentenced Karriem.  These acts took place in the courtroom, arose from a pending case against Karriem, and were consistent with acts normally undertaken by judges acting in their official capacity.[15]  Karriem avers in his objection that the judges acted without legal jurisdiction because their orders went beyond the "proper scope of power" and unlawfully violated his constitutional rights.[16]  But even if this were true, both judges would still be entitled to immunity because acting in excess of jurisdiction is not the same as acting in the clear absence of jurisdiction.[17]  So I adopt the magistrate judge's recommendation and dismiss all of Karriem's claims against Judge Goodman and Judge Baucum.

---

[11] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (cleaned up).

[12] *Mireles v. Waco*, 502 U.S. 9, 13 (1991) (cleaned up).

[13] *Stump*, 435 U.S. at 362.

[14] *See Meek v. Cnty. of Riverside*, 183 F.3d 962 (9th Cir. 1999), *cert. denied*, *Wojcik v. Meek*, 528 U.S. 1005 (1999).

[15] *Id.*

[16] ECF No. 26 at 4.

[17] *See Stump*, 435 U.S. at 356–57 n.7 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

**B.  Karriem's § 1983 claims against Lombardo, McMahill, Freeman, Darcy, Jones, Zimmerman,[18] and "Doe" supervisors fail because they are based on supervisory liability.**

Karriem contends that Sheriff Lombardo, Undersheriff McMahill, Chief Freeman, Assistant Sheriff Darcy, Assistant Sheriff Jones, and Assistant Sheriff Zimmerman are liable in their supervisory capacities under § 1983 for their subordinates' violations of his constitutional rights. A defendant is liable under § 1983 "only upon a showing of personal participation by the defendant."[19] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under § 1983."[20]

Karriem has not identified any specific acts that these supervisory defendants participated in, directed, or knew of and failed to prevent. He alleges only that they "fostered a policy or custom that amounted to deliberate indifference towards [his] constitutional rights" without specifying what those policies or customs were or how they related to his claims.[21] Karriem also attempts to clarify in his objection that his claims against these defendants are based upon their actual knowledge and acquiescence or deliberate indifference rather than respondeat superior.[22] But without any facts to support these contentions, Karriem's conclusory statements do not save his supervisory liability claims. So Karriem has not properly plead a § 1983 claim against these

---

[18] No discussion of the claims against Jones and Zimmerman appears in the magistrate judge's report and recommendation. Because both of those defendants face the same claims as the other defendants in this section, I include them here.

[19] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[20] *Id.*

[21] ECF No. 20 at 41.

[22] ECF No. 26 at 6.

4

defendants and I overrule his objection and adopt the magistrate judge's recommendation to dismiss those claims.[23]

### C. Karriem failed to properly plead his §1983 claims against the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department.

As with his supervisory liability claims against individual defendants, Karriem alleges that the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department (Metro) are liable as supervisors of the defendants who violated his rights. Section 1983 claims against a municipality—known as *Monell* claims[24]—must contain sufficient "factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements.'"[25] Because there is no respondeat superior liability for § 1983 claims, a municipal entity is only liable if the plaintiff shows that the execution of a municipal policy caused the constitutional injury.[26] "A policy can be one of action or inaction."[27] For instance, "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."[28] To impose liability against a municipality for its failure to act, a plaintiff must show that: (1) a municipal employee violated the plaintiff's constitutional rights; (2) the municipality has customs or

---

[23] In addition to his "constitutional supervisory liability" claims against Freeman, Karriem raises other claims against her based on allegations of her personal involvement in unlawful conduct. I dismiss Karriem's supervisory liability claim against Freeman here and address the other claims against her below.

[24] *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658 (1978).

[25] *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[26] *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

[27] *Id.* (citing *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

[28] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

policies that amount to deliberate indifference; [and] (3) these customs or policies caused the employee's violation of the plaintiff's constitutional rights.[29]  "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[30]  However, "[t]he existence of a policy, without more, is insufficient to trigger local government liability under section 1983."[31]

Here, Karriem makes only vague and conclusory arguments pointing to municipal liability, failing to specify any policies that caused the violation of his rights.  For instance, he states in his objection that the City of Las Vegas and Metro "failed to institute or enforce corrective measures to ameliorate the recurrence of constitutional violations by its law[-]enforcement personnel"[32] without pleading facts demonstrating how his alleged wrongful arrest connects with a specific custom or policy.  The Supreme Court held in *City of Oklahoma City v. Tuttle* that "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . the existence of the unconstitutional policy, and its origin, must be separately proved."[33]  So, even if I were to assume that these municipal defendants wrongfully arrested Karriem, that single violation is an inadequate factual basis to impose liability without additional facts proving that it was done in accordance with municipal policy or custom.

---

[29] *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193–94 (9th Cir. 2002), *cert denied*, 537 U.S. 1106 (2003).

[30] *Connick*, 563 U.S. at 61.

[31] *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992).

[32] ECF No. 26 at 7.

[33] *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *but see Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (holding that "a municipality may be liable under § 1983 for a single decision by its properly constituted *legislative* body . . . ." (emphasis added)).

Karriem further argues in his objection that he satisfied this pleading requirement in his complaint by providing data suggesting racial disparities in Metro's policing.[34] But he has failed to establish a nexus between those statistics and the motivations of the officers in his case. For instance, while Karriem includes data indicating that Black people are more likely to be killed by the police or comprise a disproportionate percent of officer-involved shootings in the Las Vegas metropolitan area, he does not explain how those statistics relate to his case alleging false arrest and imprisonment.[35] And while he does provide relevant statistics on racial disparities in arrests, Karriem fails to link such trends with evidence that the officers who arrested him were so motivated.[36] Because Karriem did not plead sufficient facts to demonstrate a municipal policy or custom resulting in his alleged constitutional violations, I adopt the magistrate judge's recommendation and dismiss all claims against defendants City of Las Vegas, Clark County, and Metro.

### D. Karriem fails to state a § 1983 claim against Verizon, Extended Stay America, ESH Hospitality, and Nunez because they are non-state actors.

To properly plead a § 1983 claim, "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the [s]tate."[37] "[T]he inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because

---

[34] ECF No. 26 at 8–9.

[35] *Id.*

[36] *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (holding that "[a] municipality is liable if the individual can establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation he suffered." (cleaned up)); *see also Strauss v. City of Chicago*, 760 F.2d 765, 769 (7th Cir. 1985) (holding that a plaintiff offering statistical evidence for a *Monell* claim needs to identify "what it was that made those prior [unlawful incidents] illegal and to show that a similar illegality was involved in his case.'").

[37] *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

the wrongdoer is clothed with the authority of state law."[38] The Supreme Court has established four tests to determine if a private entity's actions amount to state action: "(1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test."[39] The only potentially applicable test here is the joint-action test, which asks if private parties "willfully participate[d] in joint action with state officials to deprive others of constitutional rights."[40] "To prove a conspiracy between the state and private parties under section 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights," and "each participant must at least share the common objective of conspiracy."[41]

Verizon, Extended Stay America, ESH Hospitality, and ESH Hospitality's employee Nunez are all private, non-state actors. Karriem alleges that these defendants "acted under color of state law by conspiring with" police by improperly disclosing his private information in violation of his Fourth Amendment rights.[42] Karriem's claims fail for a couple of reasons. That defendants complied with requests for information from law enforcement does not suggest willful participation in joint action with the state. Also Karriem failed to support his allegations of joint action by conspiracy since he did not plead any facts suggesting that the defendants agreed to or had the objective of violating his constitutional rights. Because Verizon, Extended Stay America, ESH Hospitality, and Nunez are private entities who did not engage in state action, I adopt the magistrate judge's recommendation and dismiss all claims against them.

---

[38] *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 178, 142 S. Ct. 337 (2021).

[39] *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997).

[40] *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989).

[41] *Id.* at 1540–1541 (cleaned up).

[42] ECF No. 20 at 47–48; ECF No. 26 at 6–7.

### E. Karriem has pled insufficient facts to support his § 1983 claims against Iulo, Freeman, Evans, or Zinger.

Karriem failed to plead sufficient facts to demonstrate the requisite causation to impose liability on defendants Iulo, Freeman, Evans, or multiple Doe officers and FBI agents. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"[43] The only fact Karriem offers in reference to Iulo, Freeman, Evans, and Doe law-enforcement personnel is that they were "present at the time of the false arrest."[44] Mere presence during alleged misconduct without more does not establish that the defendants were the cause of the alleged deprivation. Because the facts suggest neither an affirmative act nor an omission by these defendants resulting in the constitutional violations that Karriem alleges he suffered, I adopt the magistrate judge's recommendation and dismiss any claims against them.

Karriem's only remaining § 1983 claim is against Zinger, alleging his affirmative acts of false arrest. Under the Supreme Court's holding in *Heck v. Humphrey*, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.[45] This bar applies to any "claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged, or called into question," including false arrest and imprisonment.[46] Karriem

---

[43] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[44] ECF No. 20 at 22.

[45] *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

[46] *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

alleges that Zinger "facilitated his arrest without a warrant or permission from the State of Nevada" due to racial animus against him.[47]  But he has pled no facts indicating that his conviction was overturned.[48]  Since Karriem's claims against Zinger are apparently barred by *Heck*, I adopt the magistrate judge's recommendation to dismiss those claims, too.

**II.   I decline to exercise supplemental jurisdiction over Karriem's state claims.**

As the party invoking the power of the federal courts, Karriem "bears the burden of establishing the court's subject matter jurisdiction."[49]  Since I have dismissed Karriem's federal claims, only his state claims remain.  I thus decline to exercise supplemental jurisdiction under 28 U.S.C.S. § 1367(c)(3), which allows "district courts [to] decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."[50]

**III.  I dismiss Karriem's case without leave to amend because amendment would be futile.**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[51]  "Futility alone can justify the denial of a motion to amend."[52]  Karriem

---

[47] ECF No. 20 at 21–22.

[48] I also take judicial notice that the California Court of Appeal affirmed Karriem's conviction arising from his 2018 arrest, as cited by the magistrate judge in his report and recommendation. ECF No. 23 at 7; *People v. Karriem*, No. B299204, 2020 Cal. App. Unpub. LEXIS 3147 (May 21, 2020).

[49] *Amerault v. Intelecom Support Servs.*, 16 F. App'x. 724, 725 (9th Cir. 2001) (citing *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996)).

[50] 28 U.S.C.S. § 1367(c)(3) (cleaned up).

[51] *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[52] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (cleaned up).

has amended his complaint twice, and the magistrate judge has issued three screening orders, each of which recommended dismissal.[53]  Karriem's federal claims against individual law-enforcement officers, non-state actors, and municipalities are all based on insufficient facts and conclusory statements.  Given that Karriem has not been able to provide specific facts supporting these claims after two opportunities to do so, I find that further amendment would be futile.  And because Karriem's remaining federal claims are barred by either *Heck* or judicial immunity, no amendment could save them.  So I dismiss his entire case without leave to amend.

## Conclusion

IT IS THEREFORE ORDERED that Karriem's motion requesting ruling on his objection to the report and recommendation **[ECF No. 27] is GRANTED**, and my April 11, 2022, order **[ECF No. 24] is VACATED.**

Having thoroughly evaluated Karriem's objection on its merits, IT IS FURTHER ORDERED that the magistrate judge's report and recommendation **[ECF No. 23] is ADOPTED** in its entirety and Karriem's objection **[ECF No. 26] is OVERRULED**.  **Karriem's federal claims are dismissed** for failure to state a claim, leaving only state-law claims, and this court **declines to exercise supplemental jurisdiction over those remaining state-law claims and thus dismisses them.**  The result is that **this entire consolidated case is DISMISSED without leave to amend.**  The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY** and **CLOSE THESE CONSOLIDATED CASES**.

_____
U.S. District Judge Jennifer A. Dorsey
November 1, 2022

---

[53] ECF No. 4; ECF No. 17; ECF No. 23.