# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Lamont Karriem,

    Plaintiff

v.

Cellco Partnership Inc, et al.,

    Defendants

Case No.: 2:20-cv-00884-JAD-VCF

*Ninth Circuit Case No. 23-15164*

**Order Revoking**
*in forma pauperis* **Status**

    The United States Court of Appeals for the Ninth Circuit referred this matter back to this court for the limited purpose of determining whether plaintiff Lamont Karriem's *in forma pauperis* status should continue for this appeal.[1] The decision to continue such status turns on whether the entirety of Karriem's appeal is frivolous, for "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole."[2]

    Karriem initiated this suit by filing three separate complaints, each alleging largely the same facts but with different claims and against different defendants.[3] Each complaint was dismissed with leave to amend for failure to state a claim. Those cases were then consolidated into this action, in which Karriem sued various state-court judges; police sheriffs and officers; the city of Las Vegas, Nevada; and various non-state actors for violations of his constitutional rights following his arrest. The court gave Karriem two more chances to amend his complaint

---

[1] ECF No. 37.

[2] *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

[3] *See* ECF No. 1; *Karriem v. Extended Stay America Inc.*, Case No. 2:20-cv-00942-JAD-VCF; *Karriem v. County of Clark, Nev.*, Case No. 2:20-cv-01915-JAD VCF.

for failure to state a claim against any of those defendants.[4]  In each amendment, Karriem did not follow court orders and attempted to bring claims that the court advised him were unavailable to him.[5]  I eventually dismissed Karriem's third-amended complaint with prejudice, finding that (1) the judge defendants were entitled to judicial immunity; (2) the non-state-actor defendants couldn't be sued under § 1983; (3) Karriem could not maintain his supervisory-liability claims against the sheriff defendants; (4) the complaint did not adequately state a *Monell* claim against the City; and (5) any remaining claims concerning his arrest were insufficiently pled and barred by the Supreme Court's ruling in *Heck v. Humphrey*.[6]  And, as the magistrate judge noted in one of his screening orders, Karriem has repeatedly brought cases relying on the same facts against different defendants in various other courts, and all of those complaints have been dismissed.[7]

**Because the appeal from the dismissal order is frivolous and not taken in good faith, IT IS HEREBY ORDERED THAT the district court revokes *in forma pauperis* status so *in forma pauperis* status will not continue on appeal.**

The Clerk of Court is directed to **SEND a copy of this order to the Clerk of the United States Court of Appeals for the Ninth Circuit for Case No. 23-15164**.

_____
U.S. District Judge Jennifer A. Dorsey
February 7, 2023

---

[4] *See* ECF No. 4; ECF No. 17.

[5] *Compare* ECF No. 4 and ECF No. 17 (screening orders) *with* ECF No. 11 and ECF No. 20 (Karriem's amended complaints).

[6] *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See generally* ECF No. 31.

[7] *See* ECF No. 17 at 1 n.1.